UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SHORTER,<br><br>          Petitioner,<br><br>    v.<br><br>E. VALENZUELA, CMC-Warden,<br><br>          Respondent. | No. CV 12-8917 MMM (FFM)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

      On or about October 12, 2012, petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") along with a motion for an evidentiary hearing herein. Petitioner challenges a conviction and sentence imposed by the Los Angeles County Superior Court in Case No. YA054743 in 2003 (conviction) and 2004 (sentence). On or about October 15, 2012, petitioner filed an amendment to the Petition, in which he disclosed an additional state court petition for writ of habeas corpus and a prior habeas petition filed in this Court on March 2009. (Case No. CV 09-1466 MMM (FFM)). The Court notes that the prior petition in this court is directed to the same conviction and/or sentence sustained in Los Angeles County Superior Court Case No. YA054743. On September 28, 2008, Judgment was entered in Case No. CV 09-1466 MMM (FFM) denying the Petition as time-barred and dismissing the action with prejudice.

1    The Petition now pending is governed by the provisions of the
2    Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat.
3    1214) ("the Act") which became effective April 24, 1996.  Section 106 of the Act
4    amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:
5        "(1) A claim presented in a second or successive habeas corpus
6        application under section 2254 that was presented in a prior
7        application shall be dismissed.
8        (2) A claim presented in a second or successive habeas corpus
9        application under section 2254 that was not presented in a prior
10       application shall be dismissed unless --
11           (A) the applicant shows that the claim relies on a new
12           rule of constitutional law, made retroactive to cases on
13           collateral review by the Supreme Court, that was
14           previously unavailable; or
15           (B)(i) the factual predicate for the claim could not have
16           been discovered previously through the exercise of due
17           diligence; and
18              (ii) the facts underlying the claim, if proven and
19           viewed in light of the evidence as a whole, would be
20           sufficient to establish by clear and convincing evidence
21           that, but for constitutional error, no reasonable factfinder
22           would have found the applicant guilty of the underlying
23           offense.
24       (3)(A) Before a second or successive application permitted by this
25       section is filed in the district court, the applicant shall move in the
26       appropriate court of appeals for an order authorizing the district court
27       to consider the application."
28   ///

Petitioner's prior federal habeas petition was denied on the ground that it was barred by the one-year period of limitation.  A dismissal based on the statute of limitations is considered an adjudication on the merits for purposes of determining whether a subsequent petition is successive under the Act.  *Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003); *see Plaut v. Spendthrift Farm*, 514 U.S. 211, 228, 115 S. Ct. 1447, 131 L. Ed. 2d 328 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits.") (citing Fed.R.Civ.P. 41(b) and *United States v. Oppenheimer*, 242 U.S. 85, 87–88, 37 S. Ct. 68, 61 L. Ed. 161 (1916)); *Ellingson v. Burlington Northern Inc.*, 653 F.2d 1327, 1330 n.3 (9th Cir. 1981) ("A judgment based on the statute of limitations is 'on the merits.'") (citing *Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir. 1972)).

Therefore, because the Petition now pending challenges the same conviction as petitioner's prior habeas petition in Case No. CV 09-1466 MMM (FFM), it constitutes a second and/or successive petition within the meaning of 28 U.S.C. § 2244(b).  To the extent Petitioner seeks to pursue the same claims he previously asserted, the Petition is barred by the provisions of 28 U.S.C. § 2244(b)(1).  To the extent Petitioner seeks to pursue claims not previously asserted, it was incumbent on him under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court.  Petitioner's failure to secure such an order from the Ninth Circuit deprives the Court of subject matter jurisdiction.  For the foregoing reasons,

/ / /

/ / /

/ / /

3

1    IT IS ORDERED that this action be summarily dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

IT IS FURTHER ORDERED that petitioner's motion for an evidentiary hearing is denied.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  November 7, 2012

_____
MARGARET M. MORROW
United States District Judge

Presented by:

 /S/ FREDERICK F. MUMM 
FREDERICK F. MUMM
United States Magistrate Judge